UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR., JAMES
S. GORDON, JR'S INTERNET
ACCESS SERVICE /
INTERACTIVE COMPUTER
SERVICE, a Sole Proprietorship,

    Plaintiffs,

    v.

SUBSCRIBERBASE HOLDINGS,
INC., SUBSCRIBERBASE, INC.,
and JOHN DOES 1-10,

    Defendants.

NO.  CV-08-5037-RHW

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS; GRANTING LEAVE
TO AMEND**

Before the Court are Plaintiffs' Motion for Jury Demand (Ct. Rec. 2) and

Defendant's Motion to Dismiss (Ct. Rec. 4). A hearing was held on the motion on

October 14, 2008 in Richland, Washington. Plaintiff James S. Gordon, Jr.

participated *pro se*; Defendants were represented by Derek Linke.

### BACKGROUND

Plaintiffs James S. Gordon, Jr. and James S. Gordon Jr.'s Internet Access

Service/Interactive Computer Service[1] originally filed their complaint in Franklin

---

[1]Under Washington law, a sole proprietorship does not have legal standing

to sue or be sued in its own right. *Dolby v. Worthy*, 141 Wash. App. 813 (2007).

No legal entity is created, and a sole proprietorship does not receive any

protections afforded an incorporated business. *Id.*   Thus, James S. Gordon Jr.'s

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 1

1  County Superior Court on May 23, 2008.  Defendants SubscriberBASE Holdings,

2  Inc., and SubscriberBASE, Inc. removed the action on July 1, 2008, citing federal

3  question jurisdiction.  Plaintiffs are alleging that Defendants violated the federal

4  Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003

5  ("CAN-SPAM"), 15 U.S.C. §§ 7701, *et seq.* as well as the Washington

6  Commercial Electronic Marketing Act ("CEMA")[2] and the Washington Consumer

7  Protection Act ("CPA").[3]

8      Plaintiffs allege that they received unwanted e-mails that consisted of false

9  advertising from Defendants.  Plaintiffs state that this occurred consistently for

10 about four years, despite Plaintiffs' request to unsubscribe from the e-mail receiver

11 list.  Plaintiff Gordon is *pro se* and considers himself a "professional plaintiff,"

12 bringing claims against companies who send out spam e-mails as a primary means

13 of employment Plaintiffs are proceeding *pro se.*  Specifically, Plaintiffs allege that

14 each of the emails they received:

15    1.  Intentionally misrepresents or obscures any and/or all information that

16 could be used in identifying the point of origin or transmission path thereof;

17    2.  Contains header information that is materially false or materially

18 misleading;

19    3.  Fails to include or contains a valid physical address in the body of the

20 Email or contains multiple addresses, none of which identify the sender clearly or

21 conspicuously;

22    4.  Contains domains that intentionally use a falsely registered or cloaked

23 domain;

24 _____

25 Internet Access Service/Interactive Computer Service is not a properly-named

26 Plaintiff in this action.

27    [2]Wash. Rev. Code § 19.190.010-110.

28    [3]Wash. Rev. Code § 19.86.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 2**

1    5.  Fails to accurately identify the actual sender in the "from" name line

2    and/or "Return Path" and/or body.

3        Additionally, Plaintiffs allege that Emails were sent to and received at the

4    Recipient Addresses subsequent to notice provided to Defendants to cease and

5    desist sending unsolicited, unwanted, unlawful, and harassing Emails.

6    (Ct. Rec. 1, Ex. 2, ¶ 13).

7        Defendants removed this case under 28 U.S.C. § 1441, alleging that this

8    Court has original jurisdiction in this case under the Controlling the Assault of

9    Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C.A. §§ 7701-07.

10   **I.    Defendant's Motion to Dismiss**

11       **A.    Standard of Review**

12       The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a

13   claim showing that plaintiff is entitled to relief, without forcing defendant to be

14   subjected to discovery.  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir.

15   1993).  A motion to dismiss does not involve evaluating the substantive merits of

16   the claim.  *Id.*  Indeed, "the issue is not whether a plaintiff will ultimately prevail,

17   but whether the claimant is entitled to offer evidence to support the claims."  *Diaz*

18   *v. Int'l Longshore and Warehouse Union*, 474 F.3d 1202, 1205 (9th Cir. 2007)

19   (citations omitted).

20       The standard is viewed liberally in favor of plaintiffs.  *Cervantes,* 5 F.3d. at

21   1275.  Read in conjunction with Fed. R. Civ. P. 8(a), the complaint should not be

22   dismissed unless plaintiff fails to state an adequate "short and plain statement of

23   the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

24   complaint need only satisfy the Rule 8(a) notice pleading standards to survive a

25   Rule 12(b)(6) dismissal.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097,

26   1104 (9th Cir. 2008) (citations omitted).  The complaint need not contain detailed

27   factual allegations, but it must provide more than "a formulaic recitation of the

28   elements of a cause of action."  *Id.* (*quoting Bell Atlantic Corp. v. Twombly*, 127

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 3**

S.Ct. 1955, 1965 (2007)).

In ruling on a Rule 12(b)(6) motion, the court must evaluate whether, in the light most favorable to the pleader, resolving all discrepancies in the favor of the pleader, and drawing all reasonable inferences in favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Id.* In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.* Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo*, 521 F.3d at 1104.

Moreover, Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.*

**B.    Analysis**

Defendants argue that Plaintiffs lack standing to assert violations of a consent decree entered into between Defendant SubscriberBASE and the State of Washington.  In their response, Plaintiffs indicate that they agree with Defendant's argument.  Thus, this claim is dismissed with prejudice.

Defendants also argue Plaintiffs lack standing to assert a claim under CAN-SPAM, because Plaintiff has not alleged any specific harm, or alleged that he was adversely affected.  Under this statute, a provider of Internet access service that is adversely affected by a violation of § 7704(a)(1), 7740(b), or 7740(d), or adversely affected by a pattern or practice that violates § 7704(a)(2),(3),(4), or (5), may bring a civil action to obtain an injunction, or receive actual or statutory damages.  15 U.S.C. § 7706(g).

Courts that have looked at this section of the CAN-SPAM have overwhelmingly required that the complaint must allege specific harms in order to afford standing to the plaintiff.  *See Brosnan DBA Apex ISP v. Alki Mortgage, LLC*, 2008 WL 413732 (N.D. Cal. 2008); *ASIS Internet Servs. v. Active Response*

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND ~ 4**

*Group*, 2008 WL 2952809 (N.D. Cal. 2008); *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307 (W.D. Wash. 2008); *ASIS Internet Servs. v. Imarketing Consultants,Inc.*, 2008 WL 2095498 (N.D. Cal. 2008); *ASIS Internet Servs. v. Optin Global, Inc.*, 2008 WL 1902217(N.D. Cal. 2008); *Gordon v. Virtumundo, Inc.*, 2007 WL 2253296 (W.D. Wash. 2007).

Here, the complaint is void of any assertions of actual harm. Rather, the complaint states only that the transmission of the emails caused damage to Plaintiff. As such, Plaintiff's claim under CAN-SPAM must be dismissed without prejudice.

Additionally, the Washington Commercial Electronic Marketing Act ("CEMA") also requires that a provider of internet access service must be adversely affected in order to bring an action to recover actual or statutory damages. Wash. Rev. Code § 19.190.090. Thus, this claim must be dismissed without prejudice.

Moreover, in order to assert a claim under the Washington Consumer Protection Act, Plaintiffs must plead the five elements of the CPA claim, which include (1) an unfair or deceptive act or practice; (2) in trade or commerce; (3) that impacts the public interest; (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 784-85 (1986). Plaintiffs' failure to allege injury and causation is fatal to Plaintiffs' CPA claim, and it must be dismissed without prejudice as well.

The Court grants Plaintiffs leave to amend. Defendants argue that Plaintiffs' CEMA and CAN-SPAM allegations are so vague and conclusory that SubscriberBASE lacks a reasonable opportunity to present a defense. Defendants argue that Plaintiff must allege "how, which, or how many emails violate CEMA or CAN-SPAM, or when any such emails were sent."

The Court notes that in a similar case that was filed by Plaintiff in 2004,

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND ~ 5**

Judge VanSickle ordered Plaintiff to provide a more definite statement identifying: the number of emails at issue; the time frame during which the emails were sent; the addresses and domain names that received the emails; and a brief summary of the factual basis upon which the Plaintiff claims Defendant sent the emails. *See Gordon v. Impulse Marking, Inc., et al.*, CV-04-5125-FVS (Ct. Rec. 482). The Court instructs Plaintiff that this information should be included in the amended complaint, either in the body of the complaint itself, or as an attachment to the complaint.

## II. Plaintiffs' Motion for Jury Demand

Plaintiffs filed a Motion for Jury Demand in which he sought leave of the Court to restore the jury demand in his complaint. Plaintiff maintained that he did not place the lines through the jury demand on the complaint and he did not give his permission for anyone else to do so. Because the Court is granting Defendant's Motion to Dismiss, it is not necessary to address this issue at this time. The Court will deny Plaintiff's Motion for Jury Demand, as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Jury Demand (Ct. Rec. 2) is **DENIED, as moot**.

2. Defendant's Motion to Dismiss (Ct. Rec. 4)is **GRANTED**.

3. Plaintiffs' claims for violations of the Washington Commercial Electronic Marketing Act, Consumer Protection Act, and CAN-SPAM are dismissed, without prejudice.

4. Plaintiffs' claim for violation of the consent degree is dismissed, with prejudice.

5. Plaintiffs are given leave to amend their complaint. Plaintiffs shall file their amended complaint within 30 days from the date of this order. Failure to do so could result in this case being dismissed with prejudice.

///

///

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND ~ 6**

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

2    Order and forward copies to Plaintiff and counsel.

3    **DATED** this 31st day of October, 2008.

4                        *S/ Robert H. Whaley*

5
                        ROBERT H. WHALEY
6                    Chief United States District Judge

7

8

9

10   Q:\CIVIL\2008\Gordon\grant2.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING
LEAVE TO AMEND ~ 7**