UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., JAMES S. GORDON, JR'S INTERNET ACCESS SERVICE / INTERACTIVE COMPUTER SERVICE, a Sole Proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>SUBSCRIBERBASE HOLDINGS, INC., SUBSCRIBERBASE, INC., and JOHN DOES 1-10,<br><br>Defendants. | NO. CV-08-5037-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** |

Before the Court are Defendants' Motion to Dismiss (Ct. Rec. 50); Defendants' Motion for an Undertaking (Ct. Rec. 41) and Plaintiffs' Cross- Motion for an Undertaking and Motion for Partial Summary Judgment (Ct. Rec. 41). The motions were heard without oral argument.

On October 31, 2008, the Court granted Defendants' Motion to Dismiss and granted Plaintiff leave to file an amended complaint. On November 3, 2008, Plaintiff filed an Amended Complaint. On November 20, 2008, Defendants filed a Motion to Dismiss. Plaintiffs filed a brief in opposition to the motion to dismiss and also filed an Amended First Amended Complaint (Ct. Rec. 55-2).

**1.    Defendants' Motion to Dismiss**

Defendants argue that Plaintiffs' Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b) because it fails to comply with this Court's Order

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** ~ 1

1  which directed Plaintiff to conform to Fed. R. Civ. P. 8 and to provide a more
2  definite statement, pursuant to Fed. R. Civ. P. 12(e).  Defendants also argue that
3  Plaintiffs' Amended Complaint fails to conform to Fed. R. Civ. P. 10(b), as it does
4  not contain concise, numbered paragraphs.  Finally, Defendants argue that
5  Plaintiff's Amended Complaint should be stricken in its entirety pursuant to Fed.
6  R. Civ. P 12(f) because it contains redundant, immaterial, impertinent, and
7  scandalous matter.

8      In response to Defendants' motion, Plaintiffs filed a Proposed Amended
9  First Amended Complaint (Ct. Rec. 55-2).

10      In its Order, the Court specifically directed Plaintiffs to identify the number
11  of emails at issue; the time frame during which the emails were sent; the addresses
12  and domain names that received the emails, and a brief summary of the factual
13  basis upon which Plaintiffs claim Defendant sent the emails.  In Plaintiffs'
14  Proposed Amended First Complaint, Plaintiffs attempted to do just that.  Plaintiffs
15  set forth examples of subject lines that they allege are false or misleading, and
16  identified the number of emails.  Also, in the Proposed Amended First Amended
17  Complaint, Plaintiffs number the paragraphs.  Thus, in this regard, the Court finds
18  that Plaintiffs have met the spirit of the Court's Order.  Moreover, Defendants are
19  not moving to dismiss under Fed. R. Civ. P. 12(b).

20      With respect to Plaintiffs' Third Cause of Action, however, the Court finds
21  that this claim must be dismissed with prejudice.  Plaintiffs assert that Defendants'
22  counsel violated 18 U.S.C. §§ 2701-11.  These are criminal law statutes that do
23  not provide a private cause of action.  In the Proposed Amended First Amended
24  Complaint, Plaintiffs include a section entitled "ROLE OF COUNSEL," which
25  includes allegations that relate to Plaintiffs' Third Cause of Action.  The Court
26  finds that these allegations are immaterial and should be stricken pursuant to Fed.
27  R. Civ. P. 12(f).

28      The Court directs Plaintiffs to file the Proposed Amended First Amended

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** ~ 2

Complaint in the public record as Plaintiffs' Second Amended Complaint. Plaintiffs should not include the Third Cause of Action and paragraphs 60 - 65 in the Second Amended Complaint.

2. **Defendants' Motion for an Undertaking**

15 U.S.C. § 7706(g)(4) provides:

> (4) Attorney fees
> In any action brought pursuant to paragraph (1), the court may, in its discretion, require an undertaking for the payment of the costs of such action, and assess reasonable costs, including reasonable attorneys' fees, against any party.

Here, the Court declines to exercise its discretion to require an undertaking. This is a new area of law in which the scope of liability has yet to be determined by the Courts of Appeals. Requiring Plaintiff to post a security bond at this juncture could chill private enforcement of anti-spam laws. *See Melaleuca, Inc. v. Hansen*, 2008 WL 2788480 (D. Idaho 2008); *Asis Internet Servs. v. Optin Global, Inc.*, 2006 WL 1820902 (N.D.Cal.2006).

3. **Plaintiffs' Cross-Motion for Undertaking and Motion for Partial Summary Judgment**

Based on the above-reasoning, Plaintiffs' Cross-Motion for Undertaking is denied. Plaintiffs' Motion for Partial Summary Judgment is premature, given that Defendants have not answered Plaintiffs' Second Amended Complaint.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (Ct. Rec. 50) is **GRANTED**, in part.

2. Plaintiffs' third cause of action, alleging violations of 18 U.S.C. § 2701-11 is **dismissed with prejudice**.

3. Within ten (10) days from the date of this Order, Plaintiffs are directed to file a Second Amended Complaint consistent with this Order. Failure to do so may result in dismissal of the above-captioned case.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** ~ 3

1      4. Defendants are directed to file an answer to the Second Amended
2  Complaint within 30 days from the date of service.
3      5. Defendants' Motion for an Undertaking Pursuant to 15 U.S.C. §
4  7706(g)(4) is **DENIED**.
5      6. Plaintiffs' Cross-Motion for Undertaking and Motion for Partial
6  Summary Judgment (Ct. Rec. 41) is **DENIED**.
7      **IT IS SO ORDERED.** The District Court Executive is directed to enter this
8  Order and forward copies to Plaintiff and counsel.
9      **DATED** this 7th day of May, 2009.

            *s/Robert H. Whaley*

            ROBERT H. WHALEY
            Chief United States District Judge

Q:\CIVIL\2008\Gordon\grant3wpd.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, IN PART** ~ 4