UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., JAMES S. GORDON, JR'S INTERNET ACCESS SERVICE / INTERACTIVE COMPUTER SERVICE, a Sole Proprietorship,<br><br>Plaintiffs,<br><br>v.<br><br>SUBSCRIBERBASE HOLDINGS, INC., SUBSCRIBERBASE, INC., and JOHN DOES 1-10,<br><br>Defendants. | NO. CV-08-5037-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11; DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Sanctions Pursuant to Rule 11 (Ct. Rec. 82) and Plaintiffs' Motion for Partial Summary Judgment (Ct. Rec. 101). A telephonic hearing on Defendants' Motion for Sanctions was held on October 30, 2009. Plaintiff participated *pro se*; Defendants were represented by Derek Linke.

Prior to the hearing, the Court directed the parties to file briefing regarding the implication of the recent Ninth Circuit case of *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009). On December 3, 2009, Plaintiff filed a Motion for Partial Summary Judgment.

**1.     Defendants' Motion for Sanctions Pursuant to Rule 11**

Defendants seek sanctions against Plaintiffs for filing his Motion for

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11; DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1**

Sanctions against Defendants and/or Defendants' Counsel for Spoilation of Evidence. In his motion, Plaintiffs had alleged that Defendants destroyed evidence of their culpability by illegally seizing Plaintiffs' computers. The Court summarily denied the motions as well as Plaintiffs' Motion for Reconsideration.

Defendants now move for sanctions, arguing that Plaintiffs' motions were frivolous. The Court agrees. Defendant was not a party to the *Virtumundo* litigation, notwithstanding that Mr. Linke represents both companies. There was no legal basis for filing the motions. Likewise, Plaintiff did not meet and confer prior to filing his motion for sanctions.

**2.      Impact of *Gordon v. Virtumundo, Inc.***

Based on the reasoning in *Virtumundo*, the Court dismisses Plaintiffs' amended Complaint with prejudice. The Court finds that Plaintiffs do not have standing to assert a claim under CAN-SPAM because he is not a bona fide Internet access service provider that has been adversely affected by violation of CAN-SPAM. The Court finds that Plaintiffs' claims under the Washington Commercial Electronic Mail Act (CEMA) and Washington Consumer Protection Act are preempted.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendants' Motion for Sanctions Pursuant to Rule 11 (Ct. Rec. 82) is **GRANTED**.

2.      Plaintiffs' Motion for Partial Summary Judgment (Ct. Rec. 101) is **DENIED**, as moot.

3.      Within 10 days from the date of this Order, Defendants are directed to file briefing and evidentiary support regarding its reasonable attorneys fees and costs expended in responding to Plaintiffs' motions.

4.      The above-cause of action is **dismissed**, with prejudice.

///

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11; DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 2

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 11th day of December, 2009.

          *s/Robert H. Whaley*
        ROBERT H. WHALEY
       United States District Judge

Q:\CIVIL\2008\Gordon\grant3.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11; DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3**