1
2
3
4

Derek Linke
Derek A. Newman
NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP
505 Fifth Ave. South, Suite 610
Seattle, WA 98104
(206) 274-2800

5

6    **UNITED STATES DISTRICT COURT**
     **EASTERN DISTRICT OF WASHINGTON**

7

8    JAMES S. GORDON, JR., Franklin
     County, Washington,

9              Plaintiff,

10

11        v.

12   SUBSCRIBERBASE HOLDINGS, INC.,
     SUBSCRIBERBASE, INC., AND JOHN
     DOES 1-10

13             Defendants.

NO.  08-cv-5037-RHW

**MEMORANDUM IN SUPPORT
OF SUBSCRIBERBASE'S
MOTION RE: ATTORNEYS'
FEES AND COSTS PURSUANT
TO CAN-SPAM (15 U.S.C. §
7706) OR, IN THE
ALTERNATIVE, BRIEF RE:
ATTORNEYS' FEES AND
COSTS PURSUANT TO RULE
11**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................1

II.  DISCUSSION ............................................................................................1

      A.    Good Cause Exists for Requiring Gordon to Pay All of SubscriberBASE's Attorney Fees and Costs Pursuant to CAN-SPAM..................................................................................................1

            1.    Standard for granting attorneys' fees and costs under CAN-SPAM ....................................................................2

            2.    SubscriberBASE's counsel expended a reasonable number of hours at reasonable rates .........................6

            3.    SubscriberBASE's costs were reasonable .................8

      B.    Evidentiary Support Related to This Court's Rule 11 Award Against Gordon ...................................................................9

            1.    Scope of the Court's Order....................................9

            2.    SubscriberBASE incurred reasonable attorneys' fees and costs in responding to the Motions .............................9

III.  CONCLUSION .........................................................................................10

# I.   INTRODUCTION

Defendants SubscriberBASE Holdings, Inc. and SubscriberBASE, Inc. (together, "SubscriberBASE") submit this combined motion and brief in response to this Court's December 11, 2009 Order Granting Defendants' Motion for Sanctions Pursuant to Rule 11; Denying Motion for Partial Summary Judgment (the "Order", Dkt. No. 104). The Order directed SubscriberBASE to "file briefing and evidentiary support regarding its reasonable attorneys fees and costs expended in responding to Plaintiffs' motions." (Order at 2:23-25.)

With this brief, SubscriberBASE is providing the materials the Court specifically requested in the Order. In addition, given Plaintiff James Gordon's history of filing frivolous CAN-SPAM lawsuits, SubscriberBASE respectfully requests this Court grant its reasonable attorneys' fees and costs as the prevailing party in this litigation, pursuant to 15 U.S.C. § 7706 (g)(4) ([in a CAN-SPAM lawsuit] "the court may, in its discretion . . . assess reasonable costs, including reasonable attorneys' fees, against any party"). SubscriberBASE has styled its request for compensation under CAN-SPAM as a motion pursuant to LR 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion . . . .").

In the alternative, should this Court decline to award fees and costs pursuant to 15 U.S.C. § 7706 (g)(4), this brief provides evidentiary support for SubscriberBASE's reasonable attorneys' fees and costs pursuant to the Order.

# II.   DISCUSSION

**A.   Good Cause Exists for Requiring Gordon to Pay All of SubscriberBASE's Attorney Fees and Costs Pursuant to CAN-SPAM.**

The year before Gordon filed this lawsuit against SubscriberBASE, the United States District Court for the Western District of Washington required him to pay over $100,000 in attorneys' fees and costs under CAN-SPAM for filing an "ill-motivated, unreasonable, and frivolous" lawsuit. Gordon v. Virtumundo, Inc.,

2007 U.S. Dist. LEXIS 55941, *17 (W.D.Wash. Aug. 1, 2007). This lawsuit is even more ill-motivated, unreasonable, and frivolous, because Gordon filed it with the knowledge of the Virtumundo court's extensive findings and conclusions against him. SubscriberBASE respectfully requests this Court award its reasonable fees and costs pursuant to CAN-SPAM, just as the Virtumundo court previously did against the same plaintiff.

**1.      Standard for granting attorneys' fees and costs under CAN-SPAM**

CAN-SPAM provides for an award of attorneys' fees to the prevailing party. 15 U.S.C. § 7706(g)(4). In Virtumundo, the court applied 15 U.S.C. § 7706(g)(4) and determined the "standard to be applied in deciding whether to award attorneys' fees to a prevailing CAN-SPAM defendant". 2007 U.S. Dist. LEXIS 55941 at *5.

The Virtumundo court first confirmed that the defendants had prevailed because the court had dismissed all of Gordon's claims:

> In light of the fact that the Court dismissed all of Plaintiffs' claims and entered judgment in Defendants' favor (Dkt. No. 122), any suggestion that Defendants have not prevailed is meritless. More to the point, the statute provides that the Court may award attorneys' fees and costs against any party in any private action.

Id. at *6. SubscriberBASE is the prevailing party in this matter, as this Court's Order dismissed all of Gordon's claims with prejudice. But as the Virtumundo court noted, even if SubscriberBASE were not considered the "prevailing party" this Court would still have the authority to grant attorneys' fees and costs under CAN-SPAM.

This lawsuit provides abundant reasons for requiring Gordon to pay all of Defendants' reasonable attorneys' fees and costs, just as the Virtumundo court did. In awarding fees and costs, the Virtumundo court applied the "evenhanded" approach of Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994):

The Supreme Court [noted] "several nonexclusive factors to guide courts' discretion" in making [the] decision [whether to award fees to a prevailing defendant]. Id. As enumerated in Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d. Cir. 1986), such factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n. 19.

2007 U.S. Dist. LEXIS 55941 at *8. As the Virtumundo decision is centered on Gordon's misbehavior, it could not be more relevant to this case. And like Virtumundo, this lawsuit presents all factors listed in Fogerty—it was frivolous, ill-motivated, and unreasonable. SubscriberBASE respectfully urges this Court to award all of its reasonable attorneys' fees and expenses, to further deter Gordon from filing frivolous lawsuits.

The court's recitation of the facts in Virtumundo is important in this case for at least two reasons. First , the Virtumundo court excoriated Gordon for filing a meritless lawsuit:

The Court finds that Plaintiffs' instant lawsuit is an excellent example of the ill-motivated, unreasonable, and frivolous type of lawsuit that justifies an award of attorneys' fees to Defendants under Fogerty.

2007 U.S. Dist. LEXIS 55941 at *17. Second, Gordon initiated this lawsuit against SubscriberBASE in May 2008, nearly one year after the Virtumundo court required him to pay a six-figure award of fees and costs because of his flagrant misconduct. (See Ct. Rec. 1; 2007 U.S. Dist. LEXIS 55941 at *52). After a federal court made the following findings about him, Gordon should have and refrained from filing other meritless lawsuits, such as this one against SubscriberBASE:

Plaintiffs are parties to ten additional cases similar to the instant case in the Western District of Washington alone, see Case Nos. C06-1118-MJP, C06-1129-JCC, C06-1210-TSZ, C06-1284-TSZ, C06-1348-MJP, C06-1350-JCC, C06-1469-MJP, C06-1537-JCC, C07-222-RSM, and C07-386-MJP, as well as at least one "spam" case in the Eastern District of Washington, see Case No. CO5-5079-FVS. The Court is not merely speculating on Plaintiffs' motives or assessment of potential profits . . . . Gordon testified that all of Plaintiffs' income or revenue for 2006 and 2007 has been from settlements and disputes .

**. . Clearly, Plaintiffs are assembling a litigation factory, which, if successful, could net millions of dollars in profit, at least theoretically.**

Not only are Plaintiffs "not the type of entity that Congress intended to possess the limited private right of action it conferred on adversely affected bona fide Internet access service providers" (*id.* at 15), **they are not the type of plaintiff that should be allowed to pursue the strategy outlined above without financial cost.**

The Court finds that Plaintiffs' instant lawsuit is an excellent example of the ill-motivated, unreasonable, and frivolous type of lawsuit that justifies an award of attorneys' fees to Defendants under <u>Fogerty</u>. The context of this litigation and the context of Plaintiffs' overall litigation strategy, involving at least a dozen federal actions, indicate that Plaintiffs are motivated by the prospect of multi-million-dollar statutory damages awards in exchange for their relatively paltry spam-collection and spam-litigation costs. Plaintiffs have alleged no actual damages in this action. Under these circumstances, **compensation to Defendants for defending this lawsuit is warranted. Similarly, the Court finds that the goal of deterrence is particularly relevant here. Plaintiffs should be deterred from further litigating their numerous other CAN-SPAM lawsuits now that they are aware [of] their lack of CAN-SPAM standing.**

2007 U.S. Dist. LEXIS 55941 at *15-18 (emphasis added).

The <u>Virtumundo</u> court delivered a clear message regarding Gordon's frivolous litigation practices. Gordon ignored it and did as follows:

● Gordon filed a CAN-SPAM complaint against SubscriberBASE after a federal court held he has no standing under CAN-SPAM. <u>Gordon v. Virtumundo, Inc.</u>, 2007 U.S. Dist. LEXIS 35544, *30 (W.D.Wash. May 15, 2007). The Ninth Circuit affirmed Gordon's lack of standing. <u>Gordon v. Virtumundo, Inc.</u>, 575 F.3d 1040, 1048 (9th Cir. 2009) ("We agree that Gordon lacks standing to bring a private action under the CAN-SPAM Act"). SubscriberBASE was nevertheless forced to defend itself against Gordon's meritless claims.

● After this Court granted SubscriberBASE's initial motion to dismiss (Ct. Rec. 48), Gordon filed a First Amended Complaint ("FAC") with baseless, incoherent allegations (Ct. Rec. 49). Both the FAC and Gordon's subsequent Second Amended Complaint (Ct. Rec. 60) continued to assert a CAN-SPAM claim for which Gordon knew he lacked standing.

1    ● Gordon moved to issue subpoenas before the discovery period
2    opened. (Ct. Rec. 63.) Subscriber BASE was forced to oppose this frivolous
3    motion. (Ct. Rec. 67.) This Court denied the motion. (Ct. Rec. 88.)

4    ● Gordon filed a motion for reconsideration of this Court's decision not
5    to issue subpoenas before the discovery period opened. (Ct. Rec. 89.) This Court's
6    Order determined that motion was frivolous. (Ct. Rec. 104.)

7    ● Gordon moved for sanctions for alleged spoliation of evidence. (Ct.
8    Rec. 65.) He requested sanctions for something SubscriberBASE did not do, which
9    was done in another lawsuit pursuant to court orders, and which happened before
10   SubscriberBASE had any obligation to preserve evidence in connection with this
11   case. SubscriberBASE was forced to oppose this motion. (Ct. Rec. 71.) This
12   Court's Order determined the motion was frivolous. (Ct. Rec. 104.)

13   This lawsuit should never have been filed. The Virtumundo court
14   determined Gordon lacks standing to pursue CAN-SPAM claims, which alone is
15   sufficient reason to award SubscriberBASE's reasonable attorneys' fees and costs
16   under that statute. This Court concurred in its Order: "The Court finds that
17   Plaintiffs do not have standing to assert a claim under CAN-SPAM because he is
18   not a bona fide Internet access service provider that has been adversely affected by
19   violation of CANSPAM." (Ct. Rec. 104.)

20   This Court has already held some of Gordon's motions were frivolous;
21   SubscriberBASE respectfully requests this Court note that the entire case is
22   frivolous. Gordon had no legitimate basis for filing it, and he has consistently
23   required SubscriberBASE to respond to his meritless arguments. SubscriberBASE
24   respectfully urges this Court to adopt the same position toward Gordon as the
25   Virtumundo court did: "Plaintiffs' instant lawsuit is an excellent example of the ill-
26   motivated, unreasonable, and frivolous type of lawsuit that justifies an award of
27   attorneys' fees to Defendants under Fogerty." 2007 U.S. Dist. LEXIS 55941 at
28   *17.

FED. R. CIV. P. 54(d)(2) governs the application for attorneys' fees and costs. SubscriberBASE has timely applied for an award of attorneys' fees and costs within 14 days of the Court's entry of its final Order of dismissal on December 11, 2009. (*See* Ct. Rec. 104).

### 2. SubscriberBASE's counsel expended a reasonable number of hours at reasonable rates

Attorneys' fees are awarded by the court under the lodestar approach from Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. Jordan v. Multnomah County, 799 F.2d 1262, 1265 (9th Cir. 1986). Once the number of reasonable hours is determined, the court must set a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). The history of this lawsuit indicates SubscriberBASE's counsel spent a reasonable number of hours defending against Gordon's barrage of frivolous complaints and motions. The experience of SubscriberBASE's counsel and the prevailing market rates indicate the hourly rates are reasonable. Accordingly, SubscriberBASE respectfully requests this Court award its attorney fees and costs as detailed below.

### a. SubscriberBASE's hours were reasonable

Gordon filed this lawsuit in May 2008. (Ct. Rec. 1-1.) Over the last year and a half, SubscriberBASE has defended against his series of increasingly frivolous complaints and groundless motions, as it must. SubscriberBASE filed motions to dismiss Gordon's frivolous claims (Ct. Recs. 4, 50) as well as an answer to, *inter alia*, a CAN-SPAM claim for which Gordon knew he lacked standing. (Ct. Rec. 61.) SubscriberBASE also opposed the series of frivolous motions outlined above. The parties exchanged extensive written discovery requests and produced substantial documents. (Declaration of Derek Linke in Support of SubscriberBASE's Motion Re: Attorneys' Fees and Costs Pursuant to CAN-SPAM

Or, in the Alternative, Brief Re: Attorneys' Fees and Costs Pursuant to Fed. R. Civ. P. 11 ("Linke Decl.") ¶ 7.) SubscriberBASE's counsel traveled from Seattle to Richland to defend this case. (Id. ¶ 8.)

SubscriberBASE's counsel devoted a total of 199.6 hours to the defense in this litigation. (Linke Decl. ¶ 10. Ex. A.) Given the efforts required to defend this case during the preceding 18 months, the attorneys' fees and costs incurred by SubscriberBASE were reasonable. (Id. ¶ 21.)

### b.    SubscriberBASE's rates were reasonable

SubscriberBASE was principally represented by Derek Linke, an intellectual property litigator with considerable experience defending CAN-SPAM lawsuits, including other actions filed by Gordon or entities he controls. (Linke Decl. ¶¶ 1-5.) Derek Linke, and the other attorneys at Newman & Newman, Attorneys at Law, LLP (the "Firm") have substantial experience defending actions under CAN-SPAM, the Washington Commercial Email Act ("CEMA") and spam related lawsuits across the United States. (Id. ¶ 5.) For example, the Firm has represented defendants in numerous cases initiated by Gordon or his entities, such as Omni Innovations LLC v. Ascentive LLC et al., W.D.Wash. Case No. 2:06-cv-01284-TSZ; Omni Innovations LLC et al v. Smartbargains.com LP, W.D.Wash.; Case No. 2:06-cv-01129-JCC; Omni Innovations LLC et al v. Inviva Inc et al, W.D.Wash.; Case No. 2:06-cv-01537-JCC; Omni Innovations LLC et al v. BMG Music Publishing NA Inc et al, W.D.Wash., Case No. 2:06-cv-01350-JCC; Omni Innovations LLC v. Stamps.com Inc et al, W.D.Wash., Case No. 2:07-cv-00386-MJP. (Id. ¶ 6.)

The retail hourly rate for SubscriberBASE's attorneys ranged from $250.00 to $295.00 per hour for senior attorneys to $120.00 for junior attorneys. (Linke Decl. ¶ 13.) This retail rate was consistent with the Firm's standard rates during the course of this litigation. (Id. ¶ 20.) Moreover, the retail rate is less than or consistent with prevailing hourly rates in the local legal market for attorneys with

comparable expertise, experience and skill. (Id. ¶ 21.)

SubscriberBASE respectfully requests an award of $47,169.50 in reasonable attorneys' fees pursuant to CAN-SPAM. Mr. Linke performed 149 hours of work at a rate of $250, for a total of $37,250.00. (Linke Decl. ¶ 13, Ex. A.) Kelly Aldrich performed 28.7 hours of work at rates of $195 and $210, for a total of $5,835.00. (Id. ¶ 13.) Randall Moeller performed 11.6 hours of work at a rate of $295, for a total of $3,422.00.) (Id. ¶ 13.) Michael Gustafson performed 4.1 hours of work at rates of $215 and $225, for a total of $887.50. (Id. ¶ 13.) Jason Sykes performed five hours of work at a rate of $120, for a total of $600.00. (Id. ¶ 13.) John Du Wors performed 1.2 hours of work at a rate of $250, for a total of $300.00 (Id. ¶ 13.) The amount of SubscriberBASE's attorneys' fees is $48,294.50, of which $1,125.00 was discounted, for a total of $47,169.50. (Id. ¶ 10.) In light of the considerable work necessary to defend against Gordon's frivolous claims and consistently ill-founded motions, SubscriberBASE respectfully submits this amount is reasonable and requests an award for this amount pursuant to 15 U.S.C. § 7706(g)(4).

### 3. SubscriberBASE's costs were reasonable

FED. R. CIV. P. 54(d)(1) provides that costs "should be" allowed to the prevailing party. Deposition costs, service of process fees, witness fees, travel expenses, photocopying expenses, electronic legal research expenses, messenger/courier expenses, clerk fees and other costs are routinely awarded as recoverable costs under 28 U.S.C. § 1920 and FED. R. CIV. P. 54(d)(1). *See, e.g.,* GT Dev. Corp. v. Temco Metal Prods. Co., 2005 U.S. Dist. LEXIS 37501 (W.D. Wash. 2005).

SubscriberBASE's costs in the amount of $1,064.23 are reasonable and recoverable. (Linke Decl. ¶¶ 11, 14, Ex. A.) This amount includes $106.65 in copying charges, $175.02 for Lexis research, a $350 filing fee for removal to this Court, $184.90 in PACER charges, $212.71 in travel expenses, a $2.46 conference

1 | call charge, and $32.49 in postage. (Id.)

2 | SubscriberBASE respectfully requests an award of $48,233.73 against

3 | Gordon pursuant to 15 U.S.C. § 7706(g)(4), which represents $47,169.50 in

4 | reasonable attorneys' fees and $1,064.23 in reasonable costs.

5

6 | **B.    Evidentiary Support Related to This Court's Rule 11 Award Against Gordon**

7 | This Court's Order granted SubscriberBASE's motion for Rule 11 sanctions

8 | (Ct. Rec. 82); accordingly, SubscriberBASE presents only factual evidence relating

9 | to the proposed amount of the sanctions award.

10 | **1.    Scope of the Court's Order**

11 | The Court's Order held that Gordon had "no legal basis for filing the

12 | motions." (Order at 2:8.) SubscriberBASE believes this refers to Gordon's Motion

13 | for Sanctions against Defendants and/or Defendants' Counsel for Spoliation of

14 | Evidence (Dkt. No. 65) and his Motion for Reconsideration (Dkt. No. 89)

15 | (together, the "Motions"). SubscriberBASE respectfully requests its reasonable

16 | attorneys' fees incurred defending against the Motions and in preparing its motion

17 | for Rule 11 sanctions.

18

19 | **2.    SubscriberBASE incurred reasonable attorneys' fees and costs in responding to the Motions**

20 | SubscriberBASE incurred a total of $6,657.50 in attorneys' fees responding

21 | to Gordon's frivolous Motions and preparing its Motion for Sanctions. (Linke

22 | Decl. ¶ 12, Ex. A.) This represents 15 hours billed by Mr. Linke, 5.9 hours billed

23 | by Mr. Moeller, 5 hours billed by Mr. Sykes, and 2.7 hours billed by Ms. Aldrich.

24 | (Id. ¶ 15.) The qualifications of SubscriberBASE's counsel are detailed above in

25 | Section II.A.2.b. Given the considerable time required for responding to Gordon's

26 | incoherent, meritless, yet fact-specific arguments, SubscriberBASE respectfully

27 | submits the requested amount is reasonable.

28

### III.   CONCLUSION

For the foregoing reasons, SubscriberBASE respectfully moves this Court to require Gordon to pay SubscriberBASE $48,233.73 in reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 7706(g)(4). In the alternative, pursuant to the Court's Order, SubscriberBASE requests an award of $6,657.50 in Rule 11 sanctions against Gordon.

Dated this 22nd day of December, 2009.

Respectfully Submitted,

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek Linke, WSBA No. 38314
Derek Newman, WSBA No. 26967

Attorneys for Defendants
SubscriberBASE, Inc and
SubscriberBASE Holdings, Inc.